# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 8:89-CR-233-T-15

KENT BLUE
_____/

## O R D E R

This cause comes on for consideration of Defendant's Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (D-76).

The United States Sentencing Commission has promulgated Amendment 750 lowering the base offense level for cocaine base (crack cocaine) offenses effective November 1, 2011. The Commission decided this Amendment should be applied retroactively. Defendant seeks a reduction in sentence based on Amendment 750.

A review of the November 16, 2011 supplemental report of the United States Probation Office reflects that the motion should be DENIED.

Title 18, section 3582(c)(2) provides that the district court has the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to
> a term of imprisonment based on a sentencing range

that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines specifically provides that a reduction in a defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not consistent with the policy statement and not authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

In the instant case, Defendant pled guilty to two counts of possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Based on the amount of crack cocaine involved in the offense charged, Defendant's base offense level was 30. Defendant's Total Offense Level was 30 and his criminal history category was V.

Defendant's sentence, however, did not rest on Section 2D1.1 of the Sentencing Guidelines. Because Defendant was a career offender with two previous convictions for either a crime of violence or a controlled substance offense, his offense level was increased to 37 under Section 4B1.1 of the Sentencing Guidelines, not Section 2D1.1. Given his Enhanced Total Offense Level and his criminal history category which was increased to VI, Defendant's guideline range was 360 to life. (PSI ¶ 41.) The Court sentenced Defendant to a term of imprisonment of 360 months.

The Court previously found Defendant was not eligible for a reduction under Amendment 706 due to his career offender status. (D-63.) The Eleventh Circuit affirmed that decision on February 3, 2009. (D-73.)

Similarly, Amendment 750 does nothing to change the Defendant's enhanced guidelines range under U.S.S.G. § 4B1.1. As such, there is no basis for the Court to reduce Defendant's sentence in accordance with 18 U.S.C. § 3582(c). Furthermore, Defendant is not entitled to relief under the Fair Sentencing Act of 2010 which amended the mandatory minimum sentencing for crack penalties by reducing the crack to power cocaine ratio from 100:1 to approximately 18:1. Significantly, the FSA is

not retroactive. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), cert. denied, 131 S.Ct. 1833 (2011). Defendant committed the offenses 11 years before the effective date of the FSA. The Court sentenced him in accordance with the penalties in place at the time he committed the offenses.

It is therefore ORDERED and ADJUDGED that:

1) Defendant's Motion for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) (D-76) is DENIED.

DONE AND ORDERED in Tampa, Florida, this 3rd day of January, 2012.

WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT